UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHEILA DOUGLAS, SUSIE HALL,
MORRIS T. HALL, JR.,

    Plaintiffs : CIVIL ACTION NO. 3:17-1830

    v. : (JUDGE MANNION)

SOUTHWESTERN ENERGY
PRODUCTION COMPANY, a/k/a
SWN PRODUCTION COMPANY,
LLC, and SUSQUEHANNA
GATHERING COMPANY, LLC,
a/k/a SUSQUEHANNA GATHERING
COMPANY I, LLC, and DTE
ENERGY a/k/a DTE MIDSTREAM,

    Defendants

# M E M O R A N D U M

Pending before the court is a motion to dismiss the plaintiffs' complaint brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6) by defendants DTE Energy ("DTE") and Susquehanna Gathering Company I, LLC ("Gathering I") (collectively "Moving Defendants"). (Doc. 6). The Moving Defendants seek dismissal of all the claims in the complaint brought against them by the plaintiffs. (Doc. 1). For the reasons that follow, the Moving Defendants' motion to dismiss will be **GRANTED** and the plaintiffs' complaint dismissed, without prejudice, in order to allow the plaintiff to file an amended complaint, if they so choose.

## I. PROCEDURAL BACKGROUND

On August 28, 2017, plaintiffs, Sheila Douglas, Susie Hall, and Morris T. Hall, Jr., brought this negligence suit against defendants Southwestern Energy Production Company, a/k/a SWN Production Company, LLC, and Susquehanna Gathering Company, LLC, a/k/a Susquehanna Gathering Company I, LLC, and DTE Energy, a/k/a DTE Midstream, in the Court of Common Pleas of Susquehanna County, Pennsylvania, on a theory that the defendants harmed plaintiffs' lands and residences due to, among other things, negligent misuse of the land and improper installation of a pipeline. (Doc. 1).

On September 26, 2017, Moving Defendants filed preliminary objections to plaintiffs' complaint. However, before a ruling was issued on said objections, defendants filed a notice of removal, on October 6, 2017, with the Court of Common Pleas of Susquehanna County, Pennsylvania, where the case was docketed at civil case number 985 of 2017. (Doc. 1). This case was removed to this court. (Doc. 4).

On January 25, 2018, the Moving Defendants filed this pending motion to dismiss plaintiffs' complaint, (Doc. 6), along with a brief in support thereof, (Doc. 7). On January 31, 2018, plaintiffs filed a brief in opposition to the motion to dismiss. (Doc. 9).

## II. STANDARD OF REVIEW

The Moving Defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiffs have failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiffs' cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiffs must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Federal pleading standards have shifted from simple notice pleading to a more heightened form of pleading. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 (3d Cir. 2009). This standard requires "a plaintiff to plead more than

3

the possibility of relief to survive a motion to dismiss." *Id.* District courts should conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Id.* First, the court should separate the factual and legal elements of a claim. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Then, the court must determine whether the facts alleged in the complaint are sufficient to demonstrate the plaintiff has a plausible claim for relief. *Id.* at 211. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts." *Id.* As the Supreme Court stated in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* "This plausibility determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 252 (3d Cir. 2007). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III. DISCUSSION

The allegations of the plaintiffs' complaint, which are accepted as true for purposes of the instant motion, provide that, at some time before August 11, 2016, defendants "planned, arranged, contracted for, and/or installed and own a pipeline along the properties, or through the properties of the various Plaintiffs..." (Doc. 1 at ¶6). Then, "As a result of Defendants, pipeline planning, installation and operation, Plaintiffs' property was each harmed when Plaintiffs each sustained damage to the interior and exterior of their various lands and residences, including basement flooding, exterior instability, damage to landscaping, and/or well water contamination, so that each Plaintiff will be obliged to spend amounts, or lose recreational use...and further, they now have had their properties permanently devalued thereby." (Doc 1. at ¶7). Plaintiffs allege "the damage sustained by Plaintiffs' lands and buildings was caused by Defendant's, SWN and Susquehanna's negligent misuse of the land, lack of information as to water run-off or table, or land available, or mis-planning, mis-design or mis-installation of the pipeline, all under their exclusive management and control." (Doc 1. at ¶8). Plaintiffs further allege that as designer and/or installer of the pipeline, defendants, negligently failed to use proper means or methods to prevent water overflow, failed to prevent water run-off or disturbance of the water table, failed to inspect for water run-off hazards, failed to specify, design or install a system

5

to prevent water run-off hazard, and negligently failed to prevent improper drainage. (Doc. 1 at ¶9). Plaintiff alleges three counts, one for each plaintiff against all defendants, with each count incorporating the allegations discussed above. (Doc 1 at ¶11-13).

In Moving Defendants' brief in support of their motion to dismiss, they allege that "The allegations in Plaintiffs' Complaint are insufficient to put Defendants on notice about the claims against them." (Doc 7.) Most notably, the Moving Defendants allege that "Plaintiffs' Complaint leaves the Moving to Defendants having to guess what harm each Plaintiff contends it suffered and what Defendant caused such harm." (Doc. 7).

In response, plaintiffs' brief in opposition refers to "Defendants" when discussing paragraphs five, six, and eight of their complaint, as well as, "Defendant" when discussing paragraph nine. (Doc. 9) While this may be a clerical error, it furthers Moving Defendants confusion discussed in their brief.

Using judicial experience and common sense, the court agrees with Moving Defendants that it is unclear "what harm each Plaintiff contends it suffered and what Defendant caused such harm." Plaintiffs' complaint does not provide any information regarding each defendants business, which makes it very unclear what each defendants' role allegedly was. (Doc. 1). Furthermore, plaintiffs' complaint discusses the planning, arranging, contracting, installation, ownership, and designing of the pipeline, but makes

no distinction as to which defendant was responsible for each task. (Doc. 1 at ¶7, ¶9). The only distinction made in plaintiffs' complaint is in paragraph eight, which specifically references two defendants, when once again discussing the planning, design, and installation of the pipeline. (Doc 1. at ¶8).

### IV. CONCLUSION

Based upon the foregoing, the motion to dismiss plaintiff's complaint (Doc. 6) will be granted, without prejudice, to allow the plaintiff the opportunity to file an amended complaint.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 13, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1830-01.wpd