**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHEILA DOUGLAS, SUSIE HALL,** **MORRIS T. HALL, JR.,** | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:17-1830 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| **SOUTHWESTERN ENERGY** **PRODUCTION COMPANY, a/k/a,** **SWN PRODUCTION COMPANY,** **LLC, and SUSQUEHANNA** **GATHERING COMPANY, LLC,** **a/k/a SUSQUEHANNA GATHERING** **COMPANY I, LLC, and DTE** **ENERGY a/k/a DTE MIDSTREAM,** | : : : : | |
| Defendant | : | |

## MEMORANDUM

This matter comes before the court upon the court's *sua sponte* inquiry regarding subject matter jurisdiction. Upon review, the court concludes that it does indeed possess subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a).

### I.   PROCEDURAL HISTORY

On August 28, 2017, plaintiffs, Sheila Douglas, Susie Hall, and Morris T. Hall, Jr., ("Plaintiffs"), brought this negligence suit against defendants Southwestern Energy Production Company, a/k/a SWN Production

Company, LLC, ("SWN"), Susquehanna Gathering Company, LLC, a/k/a Susquehanna Gathering Company I, LLC, ("Susquehanna"), and DTE Energy, a/k/a DTE Midstream, ("DTE"), (collectively, "Defendants"), in the Court of Common Pleas of Susquehanna County, Pennsylvania, alleging that Defendants harmed Plaintiffs' lands and residences due to, among other things, negligent misuse of the land and improper installation of a pipeline. (Doc. 1-1).

Susquehanna and DTE filed preliminary objections but, before a ruling was issued on them, Defendants removed the action to this court. (Doc. 1). The Defendants then moved for dismissal, (Doc. 6), which the court granted without prejudice on September 13, 2018, (Doc. 25). The court additionally issued an order directing the parties to file briefs addressing whether the court had diversity jurisdiction. (Doc. 27).

Plaintiffs filed an amended complaint on September 28, 2018, (Doc. 29), but did not file a jurisdictional brief. Susquehanna and DTE filed their brief on September 28, 2018, (Doc. 31), as did SWN, (Doc. 30). SWN filed a supplemental jurisdictional brief on October 1, 2018, (Doc. 32), addressing what it viewed as Plaintiffs' attempt to defeat diversity jurisdiction through the amended complaint.

## II. STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "[F]ederal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). This rule "spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (internal quotation marks omitted). Thus, "[i]t is presumed that a cause lies outside this limited jurisdiction, and the burden

of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

Diversity jurisdiction arises under 28 U.S.C. §1332(a), which states that federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Complete diversity, wherein no plaintiff is a citizen of the same state as any defendant, is necessary. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Natural persons are citizens of the states where they are domiciled. *Id.* Corporations are citizens of the states in which they are incorporated, as well as the states in which they have their principal place of business. *Id.* To determine the citizenship of a limited liability corporation ("LLC"), the court must treat it as a partnership, which takes on the citizenship of each of its partners. *Id.* at 420. "And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotation marks omitted).

Under 28 U.S.C. §1441(a), a defendant may remove an action brought in state court to federal district court if the claims fall within the scope of

federal jurisdiction. The defendant's right to remove is to be determined by the plaintiff's pleading at the time of the petition for removal, and the burden is on the defendant to show the existence of federal jurisdiction. *Abels v. State Farm Fire & Cas. Co*, 770 F.2d 26, 29 (3d Cir. 1985). Where a plaintiff does not specifically aver in the complaint that the amount in controversy is less than the jurisdictional minimum, but there is not a factual dispute as to the amount in controversy, the court should apply the legal certainty test outlined in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). *See Frederico v. Home Depot*, 507 F.3d 188, 193-94 (3d Cir. 2007). The legal certainty test holds that the amount of damages asserted by the party claiming jurisdiction controls so long as it is made in good faith, and the action will be dismissed only if the party challenging jurisdiction can show from the "face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover [over $75,000], or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Red Cab Co.*, 303 U.S. at 289.

### III. DISCUSSION

#### a. Citizenship of the Parties

It is undisputed that all Plaintiffs are citizens of Pennsylvania. As to the Defendants, in the complaint, Plaintiffs allege that SWN and DTE Energy are

- 5 -

"foreign corporations" with places of business at Pennsylvania addresses, and that Susquehanna is a "domestic limited liability company," also with a place of business at a Pennsylvania address. (Doc. 1-1, at 4). However, in both their notice of removal and their jurisdictional briefs, Defendants aver that DTE is a Michigan corporation with its principal place of business in Michigan, and that Susquehanna and SWN, while Pennsylvania LLCs, are citizens of Michigan, and Delaware and Texas, respectively.

More specifically, Defendants state that SWN's sole member is a corporation called Southwestern Energy Company, which was incorporated in Delaware and maintains its principal place of business in Texas. Therefore, Defendants argue that SWN is a citizen of Delaware and Texas. In support of these averments, SWN attached to its brief the declaration of Chris Lacy, the Assistant Secretary for SWN, who attested to these facts. (Doc. 30-1).

As to Susquehanna, Defendants state that Susquehanna's sole member is another LLC called Bluestone Pipeline Company, LLC ("Bluestone") and that Bluestone's sole member is the co-defendant DTE, which is a citizen of Michigan, where it was incorporated and maintains its principal place of business. Therefore, Defendants argue that Susquehanna, like DTE, is a citizen of Michigan.

Having reviewed the notice of removal, (Doc. 1), the complaint (Doc. 1-1), and the jurisdictional briefs and their attachments, (Doc. 30; Doc. 31; Doc. 32), the court is satisfied that Defendants' averments are true. Accordingly, because each plaintiff, all of whom are citizens of Pennsylvania, is diverse from each defendant, none of whom are citizens of Pennsylvania, complete diversity for purposes of 28 U.S.C. §1332(a) is present.

### b. Amount in Controversy

In both their original complaint, Plaintiffs' prayer for relief sought judgment against Defendants on each count "for an amount in excess of Fifty Thousand ($50,000) dollars, plus interest and costs." (Doc 1-1, at 5-6). As defendants note, however, $50,000 is merely the threshold amount to avoid compulsory arbitration under the local rules of Susquehanna County Court of Common Pleas. Defendants contend that if Plaintiffs are able to establish liability and damages as alleged in the original complaint, there is no legal certainty that the damages would be less than $75,000. More specifically, Defendants argue a reasonable reading of the complaint—which alleged "damage to the interior and exterior of the [Plaintiffs'] various lands and residences, including basement flooding, damage to the landscaping, and/or well water contamination," requiring each plaintiff "to spend amounts, or lose recreational use in order to make the necessary repairs, replacements or

substitutions at a fair and reasonable price, and further, they now have had their properties permanently devalued thereby," (Doc. 1-1, at 4)—indicates that Plaintiffs have made allegations sufficient to exceed $75,000.[1] The court agrees and is satisfied that, based upon the nature of the allegations in the original complaint, it cannot be said, to a legal certainty, that Plaintiffs cannot recover an amount exceeding $75,000.

Accordingly, the court finds that it possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a). An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 20, 2019**
17-1830-02

---

[1] Defendants also argue that Plaintiffs attempt to contest diversity jurisdiction in their amended complaint by listing the specific dollar amount that each plaintiff seeks: $15,980, $68,000, and $7,516. (Doc. 29, at 6-7). However, although these amounts may not be aggregated since the Plaintiffs' interests are not common or undivided, *Snyder v. Harris*, 394 U.S. 332, 335 (1969), the court need not address this argument since the analysis of whether removal was appropriate is based upon the Plaintiffs' pleading *at the time of the petition for removal*, *Abels*, 770 F.2d at 29. Therefore, in this case, the court must base its evaluation on the Plaintiffs' original complaint, which did not list a specific dollar amounts (other than to seek an amount over $50,000 for each claim). Moreover, "subsequent reduction of the amount claimed cannot oust the district court's jurisdiction." *Red Cab Co.*, 303 U.S. at 295